IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES REDDING :
 :
 :
 v. : Civil No. CCB-11-0674
 :
JUSTIA, INC; :
ELIZABETH A. McCLANAHAN; :
JAMES W. HALEY, JR.; :
JERE M.H. WILLIS, JR.; :
CYNTHIA L. McCOY; and :
JUSTIN SHELTON :

## MEMORANDUM

  Plaintiff James Redding has filed suit against Justia Inc., Elizabeth McClanahan, James W. Haley, Jr., Jere M.H. Willis, Jr., Cynthia L. McCoy, and Justin Shelton for their alleged involvement in the publication of information relating to his health condition. Mr. Redding has demanded injunctive relief and $4,000,000 in damages. (Complaint, ECF No. 1, at 5). Defendant Justia, Inc. has filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. (ECF No. 15). Separately, defendants Cynthia McCoy and Justin Shelton have filed a motion to dismiss. (ECF No. 9). The issues in this motion have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, both motions to dismiss will be granted, and all defendants will be dismissed from this suit.

## BACKGROUND

  This suit arises from a worker's compensation claim filed by Mr. Redding in 1996 wherein he claimed that he contracted an illness through work-related activities. After the Worker's Compensation Commission denied his claim on the grounds that he lacked evidence to

substantiate his claim, Mr. Redding appealed to the Court of Appeals of Virginia. In an unpublished per curiam opinion issued on February 15, 2011, the Court of Appeals affirmed the conclusions of the Commission and denied Mr. Redding's appeal. *See James F. Redding v. Community Living Alternatives & Liberty Mutual Ins. Co.*, No. 1561104 (Va. Ct. App. Feb. 15, 2011).

On March 14, 2011, Mr. Redding filed this suit against the judges on the Court of Appeals panel that denied his appeal (Judge Haley, Judge McClanahan, and Senior Judge Willis), two clerks of the Court of Appeals of Virginia (Mr. Shelton and Ms. McCoy), and Justia, Inc., a provider of free online legal information. The complaint sets forth causes of action in fraud (Count I), slander (Count II), intentional infliction of emotional distress (Count III), and racial discrimination (Count IV), and seeks $4 million in damages. Mr. Redding also seeks injunctive relief, demanding that the court require the defendants to "create a website and post their information specific to later term abortions" and various viruses and sexually-transmitted diseases. (Compl. at 5).

Although it is not entirely clear, the crux of Mr. Redding's claim against Justia seems to be that it committed fraud, slander, intentional infliction of emotional distress, and racial discrimination by posting to its website the opinion in which the Court of Appeals of Virginia denied his appeal. Mr. Redding alleges that by posting the case to its website, Justia "allow[ed] [the defendants'] personal opinion of Plaintiff's medical information to be viewed on the Internet." (*Id.* at 3.) Mr. Redding claims that the defendants "intentionally engaged in acts of judicial bullying, a high tech lynching, and abuse of authority." (*Id.*) Moreover, Mr. Redding's complaint alleges that Justia's "website is an example of the racial hatred that existed within the Republican Party against 'African-American men.'" (*Id.* at 4.)

Defendant Justia filed a motion to dismiss, arguing that "the facts and assertions within each count [of Mr. Redding's complaint] are so confounded and speculative that they do not even address the claim." (Defendant's Motion to Dismiss, ECF No. 15, at 4). Justia also argues that Mr. Redding has failed entirely to state why he is entitled to injunctive relief. (*Id.* at 8.) Mr. Redding has filed a response opposing Justia's motion to dismiss. (ECF No. 17).

Mr. Redding's complaint does not identify why each claim should apply to each of the named defendants and fails to identify tortious or discriminatory conduct specific to the individual defendants. Nonetheless, Mr. Redding's claims against Ms. McCoy, Mr. Shelton, and Judge McClanahan, Judge Haley, and Senior Judge Willis seem to relate to their alleged failure to dismiss his case pursuant to his request. (*See* Compl. at 3.)

Ms. McCoy and Mr. Shelton filed a motion to dismiss arguing they have quasi-judicial immunity, the court lacks personal jurisdiction over them, and Mr. Redding fails to state a claim upon which relief can be granted. (ECF No. 9). Mr. Redding has filed responses opposing their motion to dismiss. (ECF Nos. 13 & 14).

## **ANALYSIS**

On a motion to dismiss for failure to state a claim upon which relief may be granted, a pro se complaint must be liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled

allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Having reviewed the record and considered Mr. Redding's arguments, this court must conclude that Mr. Redding has failed to state a claim upon which relief can be granted as to any of the defendants. Even construing Mr. Redding's pro se complaint liberally, it wholly fails to meet the requirements set forth by the Supreme Court in *Iqbal* and *Twombly*. Assuming the truth of all facts alleged by Mr. Redding, the complaint nonetheless offers no basis for liability in any of the counts. *Iqbal* held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," but Mr. Redding has failed even to set forth those basic elements or to identify conduct on the part of any defendant that could

4

constitute a basis for liability. *Iqbal*, 129 S.Ct. at 1949. Rather, the complaint consists entirely of "naked assertions," some of which are disjointed and incoherent and all of which are unsubstantiated by facts. *Id.*

In the case of Justia, the corporation did no more than post to its website a public court ruling. With respect to the remaining defendants, all are protected from suit by judicial and quasi-judicial immunity. Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims. *See Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (per curiam); *see also Pierson v. Ray,* 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."). That immunity extends to the court personnel and judicial officers for administrative functions. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (observing that the "Court has extended absolute immunity to certain others who perform functions closely associated with the judicial process"); *see also Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986) ("The defendant Clerk of the United States Supreme Court has absolute quasi-judicial immunity because his challenged activities were an integral part of the judicial process."). There is no evidence in this case that Mr. Shelton and Ms. McCoy acted outside their appropriate role as functionaries of the court. Accordingly, the court must dismiss Mr. Redding's action as to Mr. Shelton and Ms. McCoy.

## CONCLUSION

Because Mr. Redding's complaint fails to state a claim upon which relief may be granted against any of the defendants, this court will grant both Justia's motion to dismiss (ECF No. 15). and Ms. McCoy and Mr. Shelton's motion to dismiss (ECF No. 9).[1] All other pending motions

---

[1] Motions to dismiss for insufficient service have also been filed by defendants Ms. McCoy and Mr. Shelton (ECF

will be denied as moot.  For the reasons stated above, this court also dismisses Judge Haley, Judge McClanahan, and Senior Judge Willis from this suit.

      A separate order accompanies this memorandum opinion.


November 18, 2011                         _____/s/_____
     Date                                    Catherine C. Blake
                                            United States District Judge

---

No. 6) and Justia (ECF No. 10), but because this court grants the defendants' motions to dismiss on the basis of quasi-judicial immunity and failure to state a claim, respectively, this court need not reach the issue of service of process.